**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| BRIAN QUEZADA, ARIEL QUEZADA and JORGE SOTO, | Civil Case No.: |
| *Plaintiff*, | |
| -v- | **COMPLAINT**<br>(Jury Trial Demanded) |
| CRAIG BUCKWALTER and DRAGONFLY POND WORKS, LLC, | |
| *Defendants*. | |

Plaintiffs, by and through undersigned counsel, allege as follows:

<u>PARTIES, JURISDICTION, AND VENUE</u>

1.     Plaintiff BRIAN QUEZADA is a citizen and resident of the State of Georgia.

2.     Plaintiff ARIEL QUEZADA is a citizen and resident of the State of Georgia.

3.     Plaintiff JORGE SOTO is a citizen and resident of the State of Georgia.

4.     Defendant CRAIG BUCKWALTER ("BUCKWALTER") is a citizen and resident of the State of South Carolina.

5.     Defendant DRAGONFLY POND WORKS, LLC ("DRAGONFLY") is a federally regulated motor carrier, USDOT number 407034, subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), which operates its headquarters in Raleigh North Carolina. DRAGONFLY is a citizen and resident of the State of North Carolina.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiffs' claims occurred in or near Cowpens, South Carolina, within the Spartanburg Division of this Court.

## FACTUAL ALLEGATIONS

8.     On July 14, 2025, Plaintiffs were travelling in a passenger motor vehicle southbound on Interstate 85 slowing for traffic in Cowpens, South Carolina.

9.     BUCKWALTER, who was also driving south on Interstate 85, was operating a commercial vehicle owned, leased, maintained, controlled, and/or dispatched by DRAGONFLY.

10.     BUCKWALTER was exceeding the speed limit, driving too fast for conditions, failed to notice that traffic had slowed to 45mph ahead of him, and crashed into the rear of a vehicle that was directly behind Plaintiffs' vehicle. The impact was so severe that is resulted in a six-vehicle pile-up. Plaintiffs' vehicle was the second in line of the impact.

11.     Plaintiffs had no reasonable opportunity to avoid the collision, which was caused solely by BUCKWALTER's unsafe and unlawful driving.

12.     As a direct and proximate result of the collision, Plaintiffs sustained serious and permanent injuries and scarring, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

13.     BUCKWALTER knew or should have known that driving too fast for conditions by commercial drivers present a high probability of severe injury or death and failed to implement, enforce, or supervise basic safety rules, including compliance with the Federal Motor Carrier Safety Regulations ("FMCSRs").

## FIRST CAUSE OF ACTION

### (Negligence Against Defendant BUCKWALTER)

14.     Plaintiffs adopt and reallege the preceding paragraphs.

15.     BUCKWALTER owed Plaintiffs a duty to operate his commercial motor vehicle safely, lawfully, with reasonable care, and in compliance with state and federal safety laws.

16.     BUCKWALTER breached that duty by, among other things:

    a.   Driving in excess of the posted speed limit;

    b.   Driving too fast for conditions;

    c.   Failing to keep a proper lookout;

    d.   Failing to yield the right-of-way;

    e.   Failing to maintain proper control of the commercial vehicle;

    f.   Failing to account for the known limitations of his commercial vehicle;

    g.   Operating the vehicle carelessly and recklessly; and

    h.   Other specific acts of negligence.

17.     As a direct and proximate result of BUCKWALTER's negligence, Plaintiffs sustained the injuries and damages described below.

## SECOND CAUSE OF ACTION

### (Negligence *Per Se* Against Defendant BUCKWALTER)

18.     Plaintiffs adopt and reallege the preceding paragraphs.

19.     BUCKWALTER violated applicable South Carolina traffic statutes governing safe traveling speeds.

20.     BUCKWALTER further violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

21.     These statutes and regulations were enacted to protect the motoring public, including Plaintiffs.

22.     BUCKWALTER's statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiffs' resulting injuries and damages.

23.     DRAGONFLY is vicariously liable for the negligence *per se* of its employee and agent, BUCKWALTER.

<u>THIRD CAUSE OF ACTION</u>

(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Defendant BUCKWALTER)

24.     Plaintiffs adopt and reallege the preceding paragraphs.

25.     In addition to the foregoing acts of negligence and negligence *per se*, BUCKWALTER's conduct constituted recklessness, willfulness, and wantonness.

26.     BUCKWALTER was knowingly exceeding the speed limit and driving too fast for conditions then existing on the interstate.

27.     BUCKWALTER's unsafe operation of a commercial motor vehicle and inattentive, distracted conduct demonstrated a conscious disregard for the safety of others.

28.    Plaintiffs are entitled to punitive damages pursuant to South Carolina law.

29.    DRAGONFLY is vicariously liable for the reckless, willful, and wanton conduct of its employee and agent, BUCKWALTER.

30.    As a direct and proximate result of BUCKWALTER's reckless, willful, and wanton conduct, Plaintiffs are entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION

(Vicarious Liability, Respondeat Superior Against Defendant DRAGONFLY)

31.    Plaintiffs adopt and reallege the preceding paragraphs.

32.    BUCKWALTER was acting within the course and scope of his agency or employment with DRAGONFLY at all relevant times.

33.    DRAGONFLY is vicariously liable for the negligent, negligent *per se*, reckless, willful, and wanton conduct of its agent and employee, BUCKWALTER.

## FIFTH CAUSE OF ACTION

(Negligent Hiring, Training, Supervision, And Retention Against Defendant

DRAGONFLY)

34.    Plaintiffs adopt and reallege the preceding paragraphs.

35.    DRAGONFLY owed Plaintiffs a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers, including BUCKWALTER.

36.    DRAGONFLY breached these duties by hiring and retaining BUCKWALTER despite its knowledge, actual or constructive, of his unfitness,

inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

37.    DRAGONFLY further breached that duty by failing to ensure BUCKWALTER was properly trained in the safe operation of tractor-trailers, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe maneuvers, including improper lane change.

38.    DRAGONFLY also failed to adequately supervise and monitor BUCKWALTER's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

39.    Plaintiffs are entitled to recover actual and punitive damages against DRAGONFLY for its direct negligence.

<u>SIXTH CAUSE OF ACTION</u>

(Negligent Entrustment Against Defendant DRAGONFLY)

40.    Plaintiffs adopt and reallege the preceding paragraphs.

41.    DRAGONFLY entrusted BUCKWALTER with a commercial vehicle despite knowing or having reason to know he posed an unreasonable risk of harm to others.

42.    Plaintiffs are entitled to recover actual and punitive damages against DRAGONFLY for its direct negligence.

<u>SEVENTH CAUSE OF ACTION</u>

(Negligent Maintenance, Policies, and Safety Management Against Defendant DRAGONFLY)

43.    Plaintiffs adopt and reallege the preceding paragraphs.

44.     DRAGONFLY failed to implement and enforce adequate safety policies relating to the maintenance and repair of its commercial vehicles

45.     DRAGONFLY failed to implement and perform adequate driver safety training, including driver road tests, continuing safety courses, and monitoring its employee drivers, including BUCKWALTER.

46.     DRAGONFLY violated its duties under 49 C.F.R. § 390.3(e) and related FMCSRs.

47.     Plaintiffs are entitled to recover actual and punitive damages against DRAGONFLY for its direct negligence.

<u>DAMAGES</u>

48.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs suffered damages recoverable under South Carolina law, including:

    a. Past and future medical expenses;

    b. Past and future pain and suffering;

    c. Mental anguish and emotional distress;

    d. Loss of enjoyment of life and impairment;

    e. Permanent injury, permanent scarring and disability;

    f. Lost wages and loss of earning capacity;

    g. Household services and other out-of-pocket expenses;

    h. Pre- and post-judgment interest as allowed by law; and

49.     Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/s/ James G. Biggart II
JAMES G. BIGGART II, ESQ.
South Carolina Bar No. 106477
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

February 12, 2026
Charleston, South Carolina