UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Brian Quezada, Ariel Quezada and Jorge Soto, | Case No. 7:26-cv-00618-DCC |
| Plaintiffs, | |
| vs. | |
| Craig Buckwalter and Dragonfly Pond Works, LLC | **ANSWER OF DEFENDANTS CRAIG BUCKWALTER AND DRAGONFLY POND WORKS, LLC** |
| Defendants. | |

The Defendants, Craig Buckwalter and Dragonfly Pond Works, LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to the Complaint of the Plaintiffs filed February 12, 2026 as follows:

**FOR A FIRST DEFENSE**
(General Denial)

1.    Each and every allegation of each and every Paragraph of the Complaint not hereinafter specifically admitted, qualified, or explained is denied. To the extent any allegation may not be expressly referred to and specifically answered, it is hereby denied.

**FOR AN ADDITIONAL DEFENSE**
(Specific Responses)

2.    The Defendants are without sufficient information to admit or deny the allegations in Paragraphs 1 through 3 regarding the current residency of Plaintiffs but do not dispute same.

3.    The allegations contained in Paragraph 4 are admitted.

4.    Responding to the allegations of Paragraph 5, Defendants admit that Dragonfly is a federally regulated motor carrier, but its assigned USDOT Number is 4072034. Further, Dragonfly

has an office in Raleigh, North Carolina, and is considered a citizen of North Carolina for legal purposes.

5.    The Defendants deny the allegations in Paragraph 6 to the extent they purport to establish subject matter jurisdiction and/or the amount in controversy and demand strict proof thereof.

6.    The allegations of Paragraph 7 regarding venue are not disputed at this time.

7.    Responding to the allegations of Paragraph 8, and upon information and belief, Defendants admit only as much as can be construed to allege Plaintiffs were travelling southbound on Interstate 85 in or near Cowpens, South Carolina. All other allegations of Paragraph 8 are denied and legal proof is demanded thereof.

8.    Responding to the allegations of Paragraph 9, Defendants only as much as can be construed to allege that Defendant Buckwalter was also travelling south on Interstate 85 in or near Cowpens, South Carolina while on Dispatch for Defendant Dragonfly. All other allegations of Paragraph 9 are denied and legal proof is demanded thereof.

9.    Responding to the allegations of Paragraph 10, Defendants admit only as much as can be construed to allege the vehicle driven by Defendant Buckwalter collided with the rear of another vehicle. The remaining allegations of Paragraph 10 are denied as pleaded and legal proof is demanded thereof.

10.    The allegations of Paragraph 11 are denied and legal proof is demanded thereof.

11.    The allegations of Paragraph 12 are denied and legal proof is demanded thereof.

12.    The allegations of Paragraph 13 are denied and legal proof is demanded thereof..

13.    Paragraph 14 is an incorporation paragraph to which these Defendants reiterate their prior responses.

14. Responding to the allegations of Paragraph 15, it is admitted generally that drivers owe a duty to operate their vehicles with reasonable care and in accordance with all laws.

15. The allegations of Paragraph 16, including all subparagraphs, are denied and legal proof is demanded thereof.

16. The allegations of Paragraph 17 are denied and legal proof is demanded thereof..

17. Paragraph 18 is an incorporation paragraph to which these Defendants reiterate their prior responses.

18. The allegations of Paragraph 19 are denied and legal proof is demanded thereof.

19. The allegations of Paragraph 20 are denied and legal proof is demanded thereof.

20. Paragraph 21 does not appear to make any allegations against these Defendants. However, to the extent such can be construed to allege any liability against these Defendants, such is denied and legal proof is demanded thereof.

21. The allegations of Paragraph 22 are denied and legal proof is demanded thereof.

22. Responding to the allegations of Paragraph 23, only so much as can be construed to allege that Defendant Buckwalter was under dispatch for Defendant Dragonfly at all time relevant hereto is admitted. Any remaining allegations in Paragraph 23 are denied and legal proof is demanded thereof.

23. Paragraph 24 is an incorporation paragraph to which these Defendants reiterate their prior responses.

24. The allegations of Paragraph 25 are denied and legal proof is demanded thereof.

25. The allegations of Paragraph 26 are denied and legal proof is demanded thereof.

26.     The allegations of Paragraph 27 are denied and legal proof is demanded thereof. Further responding, any allegations of gross negligence, recklessness, or willful and wanton conduct by Defendant Buckwalter are specifically denied.

27.     The allegations of Paragraph 28 are denied and legal proof is demanded thereof.

28.     Responding to the allegations of Paragraph 29, only so much as can be construed to allege that Defendant Buckwalter was under dispatch for Defendant Dragonfly at all time relevant hereto is admitted. Further responding, Defendants deny any liability to Plaintiffs. As an additional response, any allegations of gross negligence, recklessness, or willful and wanton conduct by Defendant Buckwalter are specifically denied.

29.     The allegations of Paragraph 30 are denied and legal proof is demanded thereof. Further responding, it is specifically denied Plaintiffs are entitled to any recovery against these Defendants.

30.     Paragraph 31 is an incorporation paragraph to which these Defendants reiterate their prior responses.

31.     Responding to the allegations of Paragraph 32, Defendants admit only so much as can be construed to allege that Defendant Buckwalter was under dispatch for Defendant Dragonfly. The remaining allegations of Paragraph 32 are denied and legal proof is demanded thereof.

32.     Responding to the allegations of Paragraph 33, only so much as can be construed to allege that Defendant Buckwalter was under dispatch for Defendant Dragonfly is admitted. Further responding, Defendants deny any liability to Plaintiffs. As an additional response, any allegations of gross negligence, recklessness, or willful and wanton conduct by Defendant Buckwalter are specifically denied.

33. Paragraph 34 is an incorporation paragraph to which these Defendants reiterate their prior responses.

34. In response to Paragraph 35, it is admitted generally that Dragonfly owes a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers. All other allegations in Paragraph 35 are denied and legal proof is demanded thereof.

35. The allegations of Paragraph 36 are denied and legal proof is demanded thereof.

36. The allegations of Paragraph 37 are denied and legal proof is demanded thereof.

37. The allegations of Paragraph 38 are denied and legal proof is demanded thereof.

38. The allegations of Paragraph 39 are denied and legal proof is demanded thereof. Further responding, it is specifically denied Plaintiffs are entitled to any recovery against these Defendants.

39. Paragraph 40 is an incorporation paragraph to which these Defendants reiterate their prior responses.

40. The allegations of Paragraph 41 are denied and legal proof is demanded thereof.

41. The allegations of Paragraph 42 are denied and legal proof is demanded thereof. Further responding, it is specifically denied Plaintiffs are entitled to any recovery against these Defendants.

42. Paragraph 43 is an incorporation paragraph to which these Defendants reiterate their prior responses.

43. The allegations of Paragraph 44 are denied and legal proof is demanded thereof.

44. The allegations of Paragraph 45 are denied and legal proof is demanded thereof.

45. The allegations of Paragraph 46 are denied and legal proof is demanded thereof.

46.     The allegations of Paragraph 47 are denied and legal proof is demanded thereof. Further responding, it is denied Plaintiffs are entitled to any recover against these Defendants.

47.     The allegations of Paragraph 48, including all subparagraphs, are denied and legal proof is demanded thereof.

48.     The allegations of Paragraph 49 are denied and legal proof is demanded thereof.

49.     Responding to the allegations contained in the "WHEREFORE paragraph, Defendants deny any liability to Plaintiffs. Further responding, it is denied Plaintiffs are entitled to any recovery against these Defendants.

50.     The Defendants join in Plaintiffs' request for a jury trial.

## FOR AN ADDITIONAL DEFENSE
(Sudden Emergency)

51.     The collision alleged in the Complaint occurred by reason of mischance and was not foreseeable on the part of these Defendants by the exercise of due care and, therefore, these Defendants plead an unavoidable accident and/or sudden emergency as a complete bar to this action.

## FOR AN ADDITIONAL DEFENSE
(Fault of Others)

52.     These Defendants will further show any damages sustained by the Plaintiffs were, in law and fact, caused, in whole or in part, by persons or entities over which these Defendants have no control, including Plaintiffs, which acts or omissions serve to bar, mitigate, or reduce any recovery which might otherwise be due, and the acts or omissions of such other persons or entities were the concurring, contributing or the greater and proximate cause of any damages proven. These Defendants assert such acts or omissions as a complete bar to this action, or, in the alternative, such recovery should be reduced proportionate with Plaintiffs' negligence which combined with, contributed to, or concurred with any alleged negligence on the part of these Defendants.

## FOR AN ADDITIONAL DEFENSE
(Plaintiffs' Negligence)

53.     These Defendants assert any damages sustained by the Plaintiffs were caused and occasioned by the Plaintiffs' own negligence, recklessness, willfulness and wantonness or other fault, and

A.     The fault attributable to Plaintiffs is a complete bar to the Plaintiffs' claims;

B.     The fault attributable to Plaintiffs was greater than any alleged fault of these Defendants or others and is a complete bar to the Plaintiffs' claims;

C.     The fault attributable to Plaintiffs combined with, contributed to, or concurred in any alleged fault of these Defendants or others and acted as a proximate cause of the damages allegedly sustained and is therefore a complete bar to Plaintiffs' claims; or

D.     Should the Plaintiffs be entitled to a recovery, such recovery should be reduced in proportion to the fault attributable to Plaintiffs; and

54.     Should Plaintiffs be entitled to a recovery, these Defendants specifically request and move such liability should be assessed in accordance with S.C. Code § 15-38-15, if applicable. In addition, and in the alternative, these Defendants assert their right under due process of law to have liability, if any, assessed in proportion to the responsibility of each party for such liability and the amount of recoverable damages, if any, be assessed in accordance with such apportionment.

## FOR AN ADDITIONAL DEFENSE
(Failure to Mitigate)

55.     To the extent Plaintiffs have failed to act reasonably to prevent, mitigate, or otherwise lessen the alleged damages, the amount of any damage award should be reduced accordingly.

## FOR AN ADDITIONAL DEFENSE
(Proximate Cause)

#18134419.1     - 7 -

56.     As a further response to the allegations contained in the Plaintiffs' Complaint, and without waiving any of the foregoing defenses, the Defendants do hereby allege and say that should it be adjudicated at the trial of this case that the Defendants were negligent as alleged in the Plaintiffs' Complaint, then, in that event, any such negligence may not have been a proximate cause of the extensive injuries and damages complained of by the Plaintiffs, and any lack of proximate cause is hereby pled in bar of the plaintiffs' right to recover from the Defendants.

## FOR AN ADDITIONAL DEFENSE
(Intervening/Superseding Negligence)

57.     If these Defendants are found to be negligent, reckless, willful, wanton, or grossly negligent in any particular, all of which are expressly denied, any alleged injuries or damages sustained by Plaintiffs as set forth in the Complaint were the direct and proximate result of the intervening and superseding negligence of parties for which these Defendants are not liable.

## FOR AN ADDITIONAL DEFENSE
(Set-off/Credit)

58.     These Defendants assert entitlement to a set-off and/or credit for all proceeds received by or on behalf of Plaintiffs paid as a result of Plaintiffs' claims in this matter, regardless of the source or basis of such proceeds, to include any contractual or gratuitous reduction in charges or provision of services or materials.

## FOR AN ADDITIONAL DEFENSE
(Punitive Damages)

59.     These Defendants allege a verdict for the Plaintiffs for punitive damages would deprive Defendants of property without due process of law and without equal protection of the laws:

(a)     If the award is based upon conduct that is not intentional or malicious, or conduct that was lawful at the time and place where the conduct occurred or had no impact upon the State of South Carolina or its residents;

#18134419.1                              - 8 -

(b)     If the amount awarded bears no reasonable relationship to the proven harm claimed by Plaintiffs;

(c)     If the award is based upon other, dissimilar acts or omissions;

(d)     If the award is based upon other parties' hypothetical claims;

(e)     If the award is based upon economic rather than physical harm;

(f)     If the award is excessive in comparison to penalties imposed or authorized in comparable cases.

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

62.     These Defendants reserve and do not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, having fully answered the claims of the Plaintiffs and stated defenses to such, these Defendants pray the Plaintiffs' claims be dismissed and Plaintiffs be ordered to pay the fees and costs for defending this claim.

**ROGERS TOWNSEND, LLC**

s/ *Roy Shelley*

T. McRoy Shelley, III, USDC# 006681
Seth T. McDaniel, USDC# 12689
Post Office Box 100200
Columbia, South Carolina 29202-3200
Direct: (803) 744-1818
Roy.shelley@rogerstownsend.com;
Seth.mcdaniel@rogerstownsend.com;

*Attorneys for Defendants*

Columbia, South Carolina
Date: April 13, 2026

018

#18134419.1                    - 9 -